STATE OFFICERS AND EMPLOYEES
A state officer or employee utilizing his or her personal automobile for official State business may be reimbursed, under the provisions of 74 O.S. 500.12 [74-500.12] (1977), for properly authenticated turnpike fees and parking fees incurred during out-of-state travel on official State business. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. When traveling out of state on official business by use of a privately owned automobile, may a person claim reimbursement for necessary turnpike and parking fees in addition to the cost of coach air fare reimbursable under 74 O.S. 500.11 [74-500.11] (1977)? 2. If the answer to Question No. 1 is in the negative, then in view of the provisions of 74 O.S. 500.5 [74-500.5] and 74 O.S. 500.12 [74-500.12] (1977), when a state employee or officer during the course of out-of-state travel, finds it necessary to utilize a leased or rented automobile in the conduct of official state business within a foreign state, may such person receive reimbursement for necessary parking or turnpike fees in addition to the allowable reimbursement rate of fifteen cents per mile travel? In Attorney General Opinion No. 77-127, it was held that a state employee utilizing his or her personal automobile for official state business may be reimbursed for properly authenticated parking fees and turnpike fees incurred during travel on official state business. The holding of that opinion makes no distinction between in-state or out-of-state travel. In regard to "out-of-state transportation costs", 74 O.S. 500.11 [74-500.11] (1977) provides as follows: "Reimbursement for out-of-state transportation costs shall not exceed the cost of coach air fare. Reimbursement for transportation by privately owned motor vehicles utilized on out-of-state travel shall not exceed this amount." 74 O.S. 500.12 [74-500.12] goes on to provide as follows: "Reimbursement for miscellaneous travel expenses and local transportation costs incurred during out-of-state travel may be made on the basis of an itemization of such costs." As pointed out in previous Attorney General Opinion No. 77-127, there is a clear distinction between reimbursement for use of privately owned motor vehicles and reimbursement for other legitimate expenses incurred on authorized business of the State. An examination of the language used in 74 O.S. 500.11 [74-500.11] and 74 O.S. 500.12 [74-500.12] clearly reflect this distinction. 74 O.S. 500.11 [74-500.11], in regard to the cost of coach air fare, refers to "reimbursement for transportation by privately owned motor vehicles", and in 74 O.S. 500.12 [74-500.12], the Legislature uses the reference "reimbursement for miscellaneous travel expenses and local transportation costs." Following the reasoning set forth in previous Attorney General Opinion No. 77-127, we do not view out-of-state turnpike or out-of-state parking fees as coming within the term "transportation by privately owned motor vehicles", as used in 74 O.S. 500.11 [74-500.11] (1977), but rather view such turnpike and parking fees as "miscellaneous travel expenses and local transportation costs" as referred to 74 O.S. 500.12 [74-500.12] (1977). It would, therefore, follow, that out-of-state turnpike fees and out-of-state parking fees, being miscellaneous travel expenses and local transportation costs, as referred to in 74 O.S. 500.12 [74-500.12] (1977), are not subject to the limitation of the cost of coach air fare applicable to "out-of-state transportation" under 74 O.S. 500.11 [74-500.11] (1977). In view of the answer to your first question, we do not reach your second question. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A state officer or employee utilizing his or her personal automobile for official state business may be reimbursed, under the provisions of 74 O.S. 500.12 [74-500.12] (1977), for properly authenticated turnpike fees and parking fees incurred during out-of-state travel on official state business. (GERALD E. WEIS)